UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
RICHARD B. COHEN,                      :        15cv3154 (DLC)
                                       :
                Plaintiff,             :        MEMORANDUM OPINION
                                       :             AND ORDER
        -v-                            :
                                       :
BMW INVESTMENTS L.P.,                  :
                                       :
                Defendant.             :
                                       :
-------------------------------------- X

DENISE COTE, District Judge:

        Richard Cohen ("Cohen") has filed a motion for

reconsideration of this Court's October 30, 2015 Opinion

dismissing his complaint against BMW Investments, L.P. ("BMW")

under Rule 12(b)(6), Fed. R. Civ. P.  Cohen v. BMW Investments

L.P., -- F. Supp. 3d --, 2015 WL 6619958 (S.D.N.Y. Oct. 30,

2015).[1]  For the reasons that follow, Cohen's motion for

reconsideration is denied.

        General familiarity with the facts of this case is

presumed, and the relevant facts are summarized here only

briefly.  Cohen brought state law claims against BMW for unjust

enrichment and money had and received.  Cohen's allegations

_____

[1] Cohen submitted a declaration with his motion in violation of
Local Rule 6.3, which prohibits the filing of affidavits or
declarations attached to motions for reargument absent a court
order.  Williams v. Citigroup Inc., 659 F.3d 208, 214 n.3 (2d
Cir. 2011).

arose from a fraudulent scheme by Philip Teplen ("Teplen"), a
former attorney who stole $2.5 million from Cohen and attempted
to steal $300,000 from BMW.  BMW gave $300,000 as a deposit on a
larger investment to Teplen to hold in escrow.  Once it became
clear to BMW that Teplen did not plan to use the $300,000 as
directed, BMW began efforts to recoup its deposit and succeeded
in getting its money back.  In the course of recovering its
money, BMW wrote an email to Teplen stating that it would not
bring a disciplinary action against him if he promptly returned
the $300,000.  Cohen alleges that the $300,000 Teplen wired to
BMW derived from Teplen's fraud on him, and therefore BMW was
unjustly enriched when Teplen returned its deposit.

    The standard for granting a motion for reconsideration is
"strict, and reconsideration will generally be denied unless the
moving party can point to controlling decisions or data that the
court overlooked."  Analytical Surveys, Inc. v. Tonga Partners,
L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted)
(discussing a motion under Rule 59(e), Fed R. Civ. P.).  "A
motion for reconsideration should be granted only when the
defendant identifies an intervening change of controlling law,
the availability of new evidence, or the need to correct a clear
error or prevent manifest injustice."  Kolel Beth Yechiel Mechil
of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d

Cir. 2013) (citation omitted).  It is "not a vehicle for
relitigating old issues, presenting the case under new theories,
securing a rehearing on the merits, or otherwise taking a second
bite at the apple."  Analytical Surveys, 684 F.3d at 52
(citation omitted).  Likewise, a party moving for
reconsideration may not "advance new facts, issues, or arguments
not previously presented to the Court."  Nat'l Union Fire Ins.
Co. of Pittsburgh v. Stroh Cos., Inc., 265 F.3d 97, 115 (2d Cir.
2001) (citation omitted).  The decision to grant or deny the
motion for reconsideration is within "the sound discretion of
the district court."  Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir.
2009) (citation omitted).

Cohen's motion for reconsideration is an attempt to present
new arguments in opposition to BMW's motion to dismiss.  Cohen
initially devoted just a little over one page of his opposition
brief to arguments related to BMW's motion under Rule 12(b)(6).[2]
His original arguments were conclusory and unpersuasive.  He now
attempts to supplement that brief using Local Rule 6.3.
Moreover, Cohen does not cite any controlling law -- let alone
an intervening change in controlling law -- in support of his
new contentions, nor does he identify a manifest injustice that
will result if the October 30 judgment stands.  His motion can

---

[2] The rest of his brief concerned personal jurisdiction.

therefore be denied because Cohen has not met the demanding
requirements of a successful motion for reconsideration.

Cohen originally opposed dismissal of his claims by urging
that BMW should pay Cohen the $300,000 it had successfully
retrieved from Teplen because that $300,000 "turned out to be"
funds Teplen had stolen from Cohen.  Cohen acknowledged that
Teplen had attempted to defraud both BMW and Cohen, and that
each of them was owed money by Teplen.  The October 30 Opinion
explained that BMW should not be punished for succeeding in
recovering its money where Cohen did not, even if the money
Teplen returned to BMW was derived from Teplen's fraud on Cohen.
Cohen, 2015 WL 6619958 at *8.  Cohen's new arguments, even if
the Court were to consider them, do not contain any reason to
revisit that conclusion.  In particular, Cohen's emphasis in his
motion for reconsideration on Paragraph 52 of the complaint does
not require reinstatement of his claims.  The relevant paragraph
reads:

> Upon information and belief, as of April 2011, Teplen
> provided Defendant with assurances that the repayment
> of such funds would be forthcoming based upon the
> pending and upcoming closing with Cohen from whom
> Teplen undertook to steal and/or embezzle in excess of
> $2,000,000 without Cohen's knowledge and/or consent.

Although this paragraph is not entirely clear, it could be
construed to assert, on information and belief, that BMW knew
that, as of April 2011, Teplen would repay its money from an

upcoming transaction with Cohen.  Such knowledge, if it existed, is inadequate to constitute a sufficiently close relationship between Cohen and BMW for an unjust enrichment claim or to require BMW in equity to hand over to Cohen the money Teplen indisputably owed to BMW.

### Conclusion

Cohen's November 17, 2015 motion for reconsideration and reargument under Local Rule 6.3 is denied.


Dated:    New York, New York
          December 10, 2015


DENISE COTE
United States District Judge