```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
RICHARD B. COHEN,                        :        15cv3154 (DLC)
                                         :
                Plaintiff,               :        MEMORANDUM OPINION
                                         :            AND ORDER
       -v-                               :
                                         :
BMW INVESTMENTS L.P.,                    :
                                         :
                Defendant.               :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

Richard Cohen ("Cohen") has filed a motion for reconsideration of this Court's October 30, 2015 Opinion dismissing his complaint against BMW Investments, L.P. ("BMW") under Rule 12(b)(6), Fed. R. Civ. P.  Cohen v. BMW Investments L.P., -- F. Supp. 3d --, 2015 WL 6619958 (S.D.N.Y. Oct. 30, 2015).[1]  For the reasons that follow, Cohen's motion for reconsideration is denied.

General familiarity with the facts of this case is presumed, and the relevant facts are summarized here only briefly.  Cohen brought state law claims against BMW for unjust enrichment and money had and received.  Cohen's allegations

---

[1] Cohen submitted a declaration with his motion in violation of Local Rule 6.3, which prohibits the filing of affidavits or declarations attached to motions for reargument absent a court order.  Williams v. Citigroup Inc., 659 F.3d 208, 214 n.3 (2d Cir. 2011).

arose from a fraudulent scheme by Philip Teplen ("Teplen"), a former attorney who stole $2.5 million from Cohen and attempted to steal $300,000 from BMW.  BMW gave $300,000 as a deposit on a larger investment to Teplen to hold in escrow.  Once it became clear to BMW that Teplen did not plan to use the $300,000 as directed, BMW began efforts to recoup its deposit and succeeded in getting its money back.  In the course of recovering its money, BMW wrote an email to Teplen stating that it would not bring a disciplinary action against him if he promptly returned the $300,000.  Cohen alleges that the $300,000 Teplen wired to BMW derived from Teplen's fraud on him, and therefore BMW was unjustly enriched when Teplen returned its deposit.

The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."  Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted) (discussing a motion under Rule 59(e), Fed R. Civ. P.).  "A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d

2

Cir. 2013) (citation omitted).  It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  Analytical Surveys, 684 F.3d at 52 (citation omitted).  Likewise, a party moving for reconsideration may not "advance new facts, issues, or arguments not previously presented to the Court."  Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos., Inc., 265 F.3d 97, 115 (2d Cir. 2001) (citation omitted).  The decision to grant or deny the motion for reconsideration is within "the sound discretion of the district court."  Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

Cohen's motion for reconsideration is an attempt to present new arguments in opposition to BMW's motion to dismiss.  Cohen initially devoted just a little over one page of his opposition brief to arguments related to BMW's motion under Rule 12(b)(6).[2]  His original arguments were conclusory and unpersuasive.  He now attempts to supplement that brief using Local Rule 6.3.  Moreover, Cohen does not cite any controlling law -- let alone an intervening change in controlling law -- in support of his new contentions, nor does he identify a manifest injustice that will result if the October 30 judgment stands.  His motion can

---

[2] The rest of his brief concerned personal jurisdiction.

therefore be denied because Cohen has not met the demanding requirements of a successful motion for reconsideration.

Cohen originally opposed dismissal of his claims by urging that BMW should pay Cohen the $300,000 it had successfully retrieved from Teplen because that $300,000 "turned out to be" funds Teplen had stolen from Cohen.  Cohen acknowledged that Teplen had attempted to defraud both BMW and Cohen, and that each of them was owed money by Teplen.  The October 30 Opinion explained that BMW should not be punished for succeeding in recovering its money where Cohen did not, even if the money Teplen returned to BMW was derived from Teplen's fraud on Cohen. Cohen, 2015 WL 6619958 at *8.  Cohen's new arguments, even if the Court were to consider them, do not contain any reason to revisit that conclusion.  In particular, Cohen's emphasis in his motion for reconsideration on Paragraph 52 of the complaint does not require reinstatement of his claims.  The relevant paragraph reads:

> Upon information and belief, as of April 2011, Teplen provided Defendant with assurances that the repayment of such funds would be forthcoming based upon the pending and upcoming closing with Cohen from whom Teplen undertook to steal and/or embezzle in excess of $2,000,000 without Cohen's knowledge and/or consent.

Although this paragraph is not entirely clear, it could be construed to assert, on information and belief, that BMW knew that, as of April 2011, Teplen would repay its money from an

4

upcoming transaction with Cohen. Such knowledge, if it existed, is inadequate to constitute a sufficiently close relationship between Cohen and BMW for an unjust enrichment claim or to require BMW in equity to hand over to Cohen the money Teplen indisputably owed to BMW.

## Conclusion

Cohen's November 17, 2015 motion for reconsideration and reargument under Local Rule 6.3 is denied.

Dated:    New York, New York
          December 10, 2015

```
                                    _____
                                         DENISE COTE
                                    United States District Judge
```